**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

**JOSHUA BLANCHARD,**

                    Plaintiff,            Case No. 22-cv-539

                                     Hon.

v.



**EXECUTIVE OFFICE FOR**
**UNITED STATES ATTORNEYS,**
                    Defendant.

_____/


### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**NOW COMES** the plaintiff, Joshua Blanchard, by and through

BLANCHARD LAW and states as follows:

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. §
   552 et seq., for declaratory, injunctive, and other appropriate relief, and
   seeking the expedited processing and release of agency records requested by
   Plaintiff, Joshua Blanchard, from the Executive Office for United States
   Attorneys ("EOUSA").

2. Plaintiff brings this action to compel Defendant to make available for public
   inspection and copying a recusal memorandum submitted by United States
   Attorney Mark Totten relating to his recusal from the prosecution of the
   defendants in _United States v Fox, et al,_ 20-cr-183-RJJ as well as any

document appointing counsel other than Mr. Totten, pursuant to 28 USC §515, to prosecute the defendants.

## PARTIES

3. Plaintiff is a resident of the Western District of Michigan.

4. Defendant EOUSA, headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530, is a component of DOJ and an agency of the federal government within the meaning of 5 U.S.C. § 551 and 5 U.S.C. § 552(f) that has possession, custody, and/or control of records that Plaintiff seeks.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

7. Mark Totten is the current United States Attorney for the Western District of Michigan.

8. Mr. Totten has been recused from participation in the prosecution of the defendants in *United States v. Fox, et al.* 1:20-cr-00183-RJJ, PageID.6955.

9. On information and belief, the recusal was at Mr. Totten's request.

10. On information and belief, a memorandum exists detailing Mr. Totten's request to be recused because DOJ policy required Mr. Totten to draft such a memorandum to request his recusal. *See* USAM §3-2.170 (requiring the US

Attorney to submit a written recusal request memorandum when recusal is required).

11. On information and belief, some document exists which appoints Mr. Daniels, Mr. O'Connor, and Mr. Kessler to continue the prosecution of the defendants in *United States v. Fox. See* 28 USC §515 (requiring specific direction from the Attorney General to authorize a special appointment to conduct criminal proceedings).

12. On May 10, 2022, Plaintiff filed a request pursuant to FOIA ("FOIA Request") with the EOUSA requesting a copy of

> "Any letter, memorandum, correspondence, or other writing requesting that special counsel be appointed to prosecuted crimes within the Western District of Michigan or explaining the basis for United States Attorney Mark Totten's recusal from any case, including, United States v Fox et al.
>
> Any appointment letters or other documents which grant authority to Donald Daniels, Nils Kessler, or Christopher O'Connor to conduct criminal prosecutions in the Western District of Michigan pursuant to 28 USC §515. (Date Range for Record Search: From 04/01/2022 To 05/10/2022)"

13. As of filing, the Plaintiff's FOIA request has been pending with EOUSA for 23 working days, excepting Saturdays, Sundays, and legal holidays. *See* 5 USC §552(6)(A)(i).

14. As of filing, Defendant has not responded to Plaintiff's FOIA request as required by law.

## COUNT 1: VIOLATION OF FOIA

## FOR FAILURE TO COMPLY WITH STATUTORY DEADLINES

15. Plaintiff incorporates the preceding paragraphs by reference.

16. Defendant is an agency subject to FOIA. 5 USC §552(f).

17. The FOIA Request properly seeks records that are in possession, custody, or control of the defendant agency.

18. The FOIA Request complied with all agency regulations pertaining to FOIA requests.

19. Defendant failed to make a determination regarding the FOIA Request and within the statutory deadlines as required by FOIA. 5 USC § 552(a)(6)(A).

20. The failure of Defendant to make a determination with respect to the FOIA Request within FOIA's statutory deadlines violates its obligations under FOIA. 5 U.S.C. § 552(a)(6)(A).

21. Plaintiff is deemed to have exhausted applicable administrative remedies with respect to the FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT 2: VIOLATION OF FOIA

## FOR UNLAWFUL WITHHOLDING OF AGENCY RECORDS

22. Plaintiff incorporates the preceding paragraphs by reference.

23. Defendant is an agency subject to FOIA. 5 U.S.C. §§ 552(f), 551.

24. The FOIA Request properly seek records under FOIA that are within the possession, custody, and/or control of Defendant.

25. The FOIA Request complied with all applicable regulations regarding the submission of FOIA requests.

26. Defendant has not released any records or portions thereof in response to the FOIA Request.

27. Defendant has not cited any exemptions to withhold records or portions thereof that are responsive to the FOIA Request.

28. Defendant has not identified how disclosure of each of the records or portions thereof sought by the FOIA Request would foreseeably harm an interest protected by a FOIA exemption and/or why disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A).

29. Records responsive to the FOIA Request are required to be released under FOIA.

30. Defendant has improperly withheld agency records responsive to the FOIA Request, in violation of FOIA. 5 U.S.C. § 552(a)(3)(A).

31. Plaintiff is deemed to have exhausted applicable administrative remedies with respect to the FOIA Request. 5 U.S.C. § 552(a)(6)(C)(i).

**WHEREFORE**, the Plaintiff respectfully requests this Court:

A. order Defendant to conduct a search reasonably calculated to identify all records responsive to the FOIA Request;

B. enjoin Defendants from withholding all records or portions thereof responsive to the FOIA that may not be withheld under FOIA;

C. issue a declaration that Plaintiff is entitled to disclosure of the requested records;

D.  issue a declaration that the failure of Defendant to provide a timely

   determination in response to the FOIA Request violates their obligations

   under FOIA;

E.  award Plaintiff reasonable attorney fees and costs reasonably incurred in this

   action pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.  grant such other relief as the Court may deem just and proper.


                                   Respectfully Submitted,
                                   **BLANCHARD LAW**


Dated: June 13, 2022              /s/ Joshua A. Blanchard
                                   Joshua Blanchard
                                   309 S. Lafayette St., Ste. 208
                                   PO Box 938
                                   Greenville, MI 48838
                                   (616) 773-2945
                                   josh@blanchard.law