UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSHUA BLANCHARD,

    Plaintiff,

v.

EXECUTIVE OFFICE FOR
UNITED STATES ATTORNEYS,

    Respondent.

_____/

Hon. Robert J. Jonker
U.S. District Judge

Hon. Phillip J. Green
U.S. Magistrate Judge

Case No. 1:22-cv-0539

## REPORT AND RECOMMENDATION

    Plaintiff, Joshua Blanchard, brought this action under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* (FOIA). In the underlying FOIA request, Plaintiff sought information from Defendant, Executive Office for United States Attorneys, regarding documents relating to United States Attorney Mark Totten's recusal from the criminal prosecution in *United States v. Fox et al.*, 1:20-cr-0183-RJJ, as well as documents regarding the authority of certain named Assistant United States Attorneys to conduct criminal prosecutions in this district. (ECF No. 32-2).

    Plaintiff represented Barry Gordon Croft, Jr., in the *Fox* case. Mr. Croft was convicted by jury on August 13, 2022, of conspiracy to kidnap Governor Gretchen Whitmer, conspiracy to use a weapon of mass destruction, and possession of an unregistered destructive device. (*Fox*, 1:22-cr-183, ECF No. 727-1 (restricted access); *see also* Judgment, *id.* at ECF No. 804).

Mark Totten has served as the presidentially appointed United States Attorney for the Western District of Michigan since May 5, 2022. (*See* https://www.justice.gov/usao-wdmi/meet-us-attorney (last visited November 29, 2023)). Immediately preceding his appointment as United States Attorney, Mr. Totten served as Chief Legal Counsel to Governor Whitmer. (*See* https://www.statesattorney.org/case/mark-a-totten (last viewed November 29, 2023)).

In his amended complaint, Plaintiff raises two claims. Count I asserts that Defendant violated its obligations under FOIA by failing to make a determination regarding his FOIA request within the statutory deadline; Count II avers that Defendant improperly withheld agency records responsive to his FOIA request. (Amended Complaint ¶¶ 22-23, 34, ECF No. 30, PageID.99, 101). Defendant, for its part, denies that it violated its obligations under FOIA, and it denies that it improperly withheld agency records. (Answer to Amended Complaint ¶¶ 23, 34, ECF No. 31, PageID.126, 128).

Presently before the Court is Plaintiff's motion for summary judgment and, in the alternative with respect to Count II, *in camera* review of the withheld information (ECF No. 33). Also before the Court is Defendant's motion for summary judgment (ECF No. 34, 35).[1] This case was referred to the undersigned judicial officer for all pretrial purposes pursuant to 28 U.S.C.§636(b)(1)(A), and for a report and

---

[1] Defendant's brief in support of its motion for summary judgment (ECF No. 35) also serves as its response to Plaintiff's motion.

recommendation on all dispositive matters under 28 U.S.C. §636(b)(1)(B). (Order of Reference, ECF No. 8). The undersigned has determined that oral argument is unnecessary. For the reasons articulated herein, the undersigned recommends that Plaintiff's motion (ECF No. 33) be denied and Defendant's motion (ECF No. 34) be granted.

## Statement of Facts

On May 10, 2022, Plaintiff submitted a FOIA request to Defendant, requesting a copy of the following:

> Any letter, memorandum, correspondence, or other writing requesting that special counsel be appointed to prosecute crimes within the Western District of Michigan or explaining the basis for United States Attorney Mark Totten's recusal from any case, including, United States v Fox et al.
>
> Any appointment letters or other documents which grant authority to Donald Daniels, Nils Kessler, or Christopher O'Connor to conduct criminal prosecutions in the Western District of Michigan pursuant to 28 U.S.C. § 515.

(Complaint ¶ 12, ECF No. 1, PageID.3; FOIA Request, ECF No. 32-2). The date range for the request was April 1, 2022, to May 10, 2022. (*See* ECF No. 32-2, PageID.146).

On June 13, 2022, Plaintiff filed a complaint for declaratory and injunctive relief, claiming that Defendant failed to respond to his FOIA request within the statutory deadline and that it was unlawfully withholding agency records. (Complaint, ECF No. 1). The complaint was served by certified mail on June 21,

-3-

2023. (Certificate of Service, ECF No. 6, PageID.15). Defendant answered on July 27, 2022. (ECF No. 7).

By letter dated September 15, 2022, Defendant initially responded to Plaintiff's FOIA request. (ECF No. 32-3). At that time, Defendant produced eleven pages of documents in full and produced thirteen additional pages with redactions. (*Id.* at PageID.147). Defendant cited three statutory exemptions for the withheld records: Section 552(b)(5) ("inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency"), Section 552(b)(6) ("personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy"), and Section 552(b)(7)(C) ("records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy"). (*Id.* at PageID.148-49).

The Court conducted a Rule 16 scheduling conference on October 17, 2022. (Minutes, ECF No. 12). An initial case management order issued the next day. (ECF No. 13). Defendant was given until November 30, 2022, to complete its processing of Plaintiff's FOIA request, and Plaintiff was given until December 28, 2022, to file an amended complaint. (*Id.* at PageID.41).

Plaintiff timely filed his motion to amend the complaint. (ECF No. 14). Following a hearing on March 14, 2023 (Minutes, ECF No. 27), the motion was granted (ECF No. 28). The Clerk filed the amended complaint on the docket. (*See*

ECF No. 30).   The Court set deadlines for filing an answer to the amended complaint and for filing the *Vaughn* index; the Court also set a briefing schedule for dispositive motions.   (ECF No. 29).

Defendant filed an answer on March 28, 2023 (ECF No. 31), and it filed the Vaughan index on April 13, 2023 (*See* Finney Decl. Exhibit A, ECF No. 32-1).   The Vaughn index included two additional exemptions to those asserted on September 15, 2022:   Section 552(b)(7)(A) (law enforcement information that "could reasonably be expected to interfere with enforcement proceedings"), and Section 552(b)(7)(E) (law enforcement information that "would disclose techniques and procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions, where disclosure could risk circumvention of the law").   (*See* Finney Decl. at ¶¶ 26, 29, ECF No. 32, PageID.142).

Plaintiff filed his motion for summary judgment on May 29, 2023.   (ECF No. 33).   Defendant filed its summary judgment motion on June 28, 2023.   (ECF No. 34, 35).   Plaintiff responded to Defendant's motion on July 26, 2023 (ECF No. 37), and Defendant replied on August 9, 2023 (ECF No. 41).

## Summary Judgment Standards

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a).   Whether a fact is "material" depends on

"whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### FOIA Standard of Review

The FOIA requires federal agencies to "promptly" make available records reasonably described in a request. *Rugiero v. U.S. Department of Justice*, 257 F.3d 534, 543 (6th Cir. 2001) (citing 5 U.S.C. § 552(a)(3)(A)).[2] An agency may withhold

---

[2] Congress gave agencies twenty business days to process a properly submitted FOIA request. *See* 5 U.S.C. § 552(a)(6).

-7-

a responsive record only if one of the statutory exceptions apply. *See* 5 U.S.C. § 552(a)(3)(A). The FOIA's disclosure provisions are to be interpreted broadly, as the Act was enacted as a result of congressional interest in accommodating the public's right of access to government documents not explicitly exempted. *See, e.g., John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). Statutory exemptions are to be narrowly construed, and the agency bears the burden of sustaining its action. 5 U.S.C. §§ 552(a)(4)(B), 552(b), 552(d); *see Rugiero*, 257 F.3d at 543. A denial of a FOIA request is reviewed by this Court *de novo*. *See Rugiero*, 257 F.3d at 543; *see also* 5 U.S.C. § 552(a)(4)(B).

District courts typically resolve FOIA cases on summary judgment without the opportunity for a plaintiff to conduct discovery. *Rugiero*, 257 F.3d at 544. One of the acceptable means for providing a plaintiff with sufficient information to challenge an agency's assertion of a statutory exemption is the use of a so-called "Vaughn index." *Id.*[3] The Vaughn index is "a routine device through which the agency describes the documents responsive to a FOIA request and indicates the reasons for redactions or withholdings in sufficient detail to allow a court to make an independent assessment of the claims for exemptions from disclosure under the Act." *Id.* (citing *Jones v. FBI*, 41 F.3d 238, 241-42 (6th Cir. 1994)). An agency's Vaughn index and supporting affidavits are entitled to a presumption of good faith. *Rugiero*, 257 F.3d at 544 (citing *Jones*, 41 F.3d at 242). "Unless evidence contradicts

---

[3] *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).

the government's affidavits or establishes bad faith, the court's primary role is to review the adequacy of the affidavits and other evidence." *Rugiero*, 257 F.3d at 544 (citing *Ingle v. Department of Justice*, 698 F.2d 259, 265 (6th Cir. 1983)).

The FOIA authorizes district courts to conduct *in camera* review of records withheld from production. 5 U.S.C. § 552(a)(4)(B). The Sixth Circuit cautions, however, that *in camera* review should be used "sparingly, when no other procedure allows review of the agency's response to a FOIA request." *Rugiero*, 257 F.3d at 544. Courts must consider the interests of judicial economy, whether there is evidence of agency bad faith, whether there is strong public interest in the withheld information, and whether the parties requested *in camera* review. *Id.* at 543.

### Analysis of Claims

In his amended complaint, Plaintiff raises two claims: (1) that Defendant failed to timely respond to his FOIA request, and (2) that Defendant unlawfully withheld agency records. Plaintiff also seeks attorney's fees and costs in bringing this action. These issues will be addressed seriatim.

Defendant argues that the first count fails to state a claim for relief and that the second is without merit. The undersigned agrees.

1. Count I fails to state a cognizable claim.

Plaintiff points out, correctly, that Defendant took more than the statutorily mandated twenty business days to complete the processing of his May 10, 2022, FOIA request. (Pltf's Br. at 4, ECF No. 33, PageID.156). Plaintiff reasons, incorrectly,

that this fact is sufficient to support his motion for summary judgment as to Count I. (*Id.* at 5, PageID.157).

Federal Courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citing cases). With respect to FOIA, Congress granted this Court jurisdiction to enjoin an agency "from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). The statute does not provide a cause of action based on the untimeliness of production. *See, e.g., Community Ass'n for Restoration of the Environment, Inc. v. U.S. Environmental Protection Agency*, 36 F. Supp.3d 1039, 1047 (E.D. Wash. 2014) (citing *Kissinger v. Reporters Committee For Freedom of the Press*, 445 U.S. 136, 150 (1980)). Defendant's production of records, albeit untimely, moots Plaintiff's claim in Count I of the amended complaint. *See GMRI, Inc. v. E.E.O.C.*, 149 F.3d 449, 451 (6th Cir. 1998); *see also Papa V. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) (the production of all nonexempt material, "however belatedly," moots FOIA claims) (citing *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)); *Yonemoto v. Dep't of Veterans Affairs*, 305 Fed. Appx. 333, 334 (9th Cir. 2008) (holding that the VA's production of material in the discovery process of an EEOC claim mooted the FOIA claim); *Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 536 (7th Cir. 2005) ("In general, '[o]nce the government produces all the documents a plaintiff requests, her claim for relief under the FOIA becomes moot'."); *Salgato-Rios v. Dep't of Homeland Security*, Case No. 1:20-cv-0060, 2021 WL 5628810, at *1 (W.D. Mich. Jan. 22, 2021)

("FOIA claims become moot when the requested documents are disclosed."); *cf. Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 491 (D.C. Cir. 1988) ("A declaration that an agency's initial refusal to disclose requested information was unlawful, after the agency made that information available, would constitute an advisory opinion in contravention of Article III if the Constitution.")).

At this juncture, Defendant has completed its processing of Plaintiff's FOIA request, producing some documents and supporting the withholding of some information with a Vaughan index. The withholding of certain information remains an issue in this case, but the timeliness of the production is moot. Accordingly, the undersigned judicial officer recommends that, with respect to Count I, Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted, and that the Court dismiss Count I of the amended complaint.

2.   Count II lacks legal merit.

In his amended complaint, Plaintiff challenges Defendant's withholding of material from three documents. (Amended Complaint at ¶¶ 36-52, ECF No. 30, PageID.101-03). Defendant's Vaughn index addresses each of the withholdings, asserting five statutory exemptions. (ECF No. 32-1, PageID.144-45). Plaintiff has abandoned his challenge to all but six redactions from two documents (Documents 2 and 3). (ECF No. 33, PageID.157-59). All six of these redactions were based on the (b)(7)(A) exemption: "records or information compiled for law enforcement purposes, but only the extent that the production . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A).

In his declaration supporting the Vaughn index, Attorney Auborn Finney asserts that the (b)(7)(A) exemption applies to the information redacted from the FOIA production in this case because "[t]he information withheld . . . relates to ongoing investigations, some of which have not yet been made public." (Finney Decl. at ¶ 27, ECF No. 32, PageID.142). Mr. Finney further maintains that release of information "related to these specific ongoing investigations will cause the harm of prematurely alerting those that are being investigated to the specific nature of the investigation." (*Id.* at ¶ 28, PageID.142).

Plaintiff argues that Defendant's explanation supporting the application of the (b)(7)(A) exemption is inadequate because at least some of the redacted information relates to investigations that have already become known to the public, and Defendant has failed to explicitly justify the withholding with respect to the public investigations. (ECF No. 33, PageID,158-59). Defendant counters that Plaintiff has failed to produce evidence that either contradicts the Finney declaration/Vaughn index or demonstrates Defendant's bad faith – as such, Plaintiff has not overcome the presumption of good faith. (ECF No. 35, PageID.169). In the alternative, Defendant notes that each of the remaining challenged withholdings is subject to the (b)(5) exemption, based on attorney-client and deliberative-process privileges, which Plaintiff does not challenge. (*Id.* at PageID.171-72). The undersigned agrees with both points.

Plaintiff's attempt to distinguish investigations publicly known to exist from purely covert ones misses the point.  Mr. Finney has asserted that the information being withheld relates to "*ongoing* investigations," and that the release of that information would alert those being investigated to the "specific nature of the investigation."  (Finney Decl. at ¶¶ 27, 28, ECF No. 32, PageID.142) (emphasis added).  The fact that the public is generally aware that the government is conducting an investigation does not, alone, obviate the government's interests in preventing those being investigated from learning the specifics of the investigation.  Plaintiff has not contradicted Mr. Finney's declaration regarding the existence of ongoing investigations, nor has he offered any evidence to overcome the presumption of good faith.  Accordingly, the Court's role here is to review the adequacy of the declaration, the Vaughn index, and the related materials.  *See Rugiero*, 257 F.3d at 544.  Having done that, the undersigned finds that Defendant has satisfied its burden.

In addition to (b)(7)(A), Defendant notes that it has asserted the (b)(5) exemption to the six redactions Plaintiff is presently challenging on the bases that the information is attorney-client and/or deliberative-process privileged.  (*See* ECF No. 35, PageID.172-73).  Plaintiff has not challenged the assertion of the (b)(5) exemption, limiting his challenge to the (b)(7)(A) exemption.  (*See* ECF No. 33, PageID.157-59).  Even in his response to Defendant's motion for summary judgment, Plaintiff does not address this issue.  (*See* ECF No. 37).  This constitutes a waiver of the issue.  *See, e.g., Gomery v. Continental Casualty Co.*, Case No. 1:13-cv-0947,

2014 WL 4209648, at *4 (W.D. Mich. Aug. 25, 2014) (citing *Notredan, L.L.C. v. Old Republic Exch. Facilitator Co.*, 531 Fed. Appx. 567 (6th Cir. 2013); *Allstate Ins. Co. v. Global Med. Billing, Inc.*, 520 Fed. Appx. 409, 412 (6th Cir. 2013); *Humphrey v. U.S. Att'y Gen.'s Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008); *Scott v. Tenn.*, 878 F.2d 382 (6th Cir. 1989)).

Under these circumstances, there is no need to conduct an *in camera* review of the challenged redactions. The undersigned judicial officer recommends that, with respect to Count II, Plaintiff's motion for summary judgment or, in the alternative, for *in camera* review be denied, and that Defendant's motion for summary judgment be granted.

3.     The request for attorney's fees and costs is not yet ripe for adjudication.

Plaintiff seeks attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E)(i), arguing that he "substantially prevailed" by obtaining through this action records that were not timely produced. (ECF No. 33, PageID.157). Under FOIA, a plaintiff "substantially prevails" if he obtains relief either through a court order or a "voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii)(I), (II). Plaintiff argues that it took the Court's Case Management Order of October 18, 2022, which required Defendant to complete the processing of his FOIA request by November 30, 2022 (ECF No. 13), to get Defendant's compliance with its statutory obligations. (ECF No. 37, PageID.175-76). Plaintiff alternatively contends that the filing of this action caused Defendant to change its position regarding his FOIA request. (*Id.* at PageID.176).

Defendant advances four arguments against this request (*see* ECF No. 35, PageID.168-69), only one of which need be addressed at this time: whether the issue is ripe for adjudication. The undersigned finds that this issue is not yet ripe, as neither party has provided the Court with sufficient information to resolve this issue.[4]

"The issue of fees and costs is 'ancillary to the underlying action and survive[s] independently under the court's equitable jurisdiction.' " *GMRI,* 149 F.3d at 451 (quoting *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir. 1986)). In determining whether to award fees and costs in this matter, the Court is to apply a two-part test: (1) whether Plaintiff "substantially prevailed," and (2) whether a balancing of equitable factors support such an award. *GMRI,* 149 F.3d at 451 (citing *Maynard v. CIA*, 986 F.2d 547, 568 (1st Cir. 1993); *Church of Scientology of California v. Harris*, 653 F.2d 584, 587 (D.C. Cir. 1981)). These factors include: (1) any public benefit obtained from the litigation; (2) any commercial benefit the plaintiff derived from the records obtained, as well as the nature of the plaintiff's interest in the records; and (3) whether the agency's withholding of records had a reasonable basis in law. *GMRI, Inc.*, 149 F.3d at 452.

---

[4] Defendant contends, for example, that the delay in processing Plaintiff's FOIA request was due to the "administrative processing of the request and the backlog of requests already submitted to Defendant." (ECF No. 41, PageID.186). But Defendant provides no evidence to support this contention. (*See id*; *see also* Finney Decl., ECF No. 32).

The Court cannot resolve the issue of fees and costs on the record before it. Accordingly, the undersigned recommends that this issue be the subject of a post-judgment petition, should it be necessary.

## Conclusion

For the foregoing reasons, the undersigned judicial officer recommends that Plaintiff's motion for summary judgment (ECF No. 33) be denied and that Defendant's motion for summary judgment be granted. The undersigned further recommends that the Court dismiss Count I of the amended complaint and enter judgment in favor of Defendant as to Count II.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: January 3, 2024         /s/ Phillip J. Green
                              PHILLIP J. GREEN
                              United States Magistrate Judge